**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALAN JAMES BIMA,

     Plaintiff

v.

CAPITAL ONE CREDIT CARD,
RESURGENT CAPITAL SERVICES,

     Defendants

Case No.: 3:22-cv-00062-RCJ-CSD

**Order**

ECF Nos. 49, 54, 62

Before the court are Plaintiff's: (1) motion for leave to conduct discovery limited to the

basis of Defendant's monetary demand (ECF No. 49); (2) first motion to compel (ECF No. 54);

and (3) second motion to compel (ECF No. 62). Defendants have opposed the motion for leave

to conduct discovery. (ECF Nos. 56, 60.)

For the reasons set forth below, Plaintiff's motions are denied and discovery in this action

is stayed pending resolution by District Judge Jones of Defendants' motions to dismiss.

**I. BACKGROUND**

Plaintiff filed a pro se complaint against defendants Capital One Bank (USA), N.A.

(erroneously named by Plaintiff as Capital One Credit Card) (Capital One) and Resurgent

Capital Services, L.P. (Resurgent). Plaintiff alleges that Capital One charged him with failing to

make a credit card payment, which Plaintiff disputes, and Capital One has refused to provide a

record of the asserted missing payment. Plaintiff avers that he attempted to contact Capital One,

to no avail.  He asserts claims for intentional infliction of emotional harm and emotional distress,

libel, deceitful business practices and constructive fraud. Plaintiff alleges that as a result of

Defendants' conduct, he has been damaged monetarily, was irreparably harmed, was unable to

1 obtain other competing credit cards and was unable to obtain a mortgage on his real property at a

2 competitive rate. (ECF No. 1.)

3       Before the complaint was even served, Plaintiff filed a motion for summary judgment,

4 which is pending before District Judge Jones. (ECF No. 4.) Resurgent opposed the motion (ECF

5 No. 11), and Capital One has moved to strike the motion (ECF No. 14). Plaintiff has filed

6 additional motions for summary judgment which Defendants have either moved to strike or

7 opposed. (ECF Nos. 34, 37, 38, 40, 41, 42, 43, 45, 48, 50, 52.)

8       Resurgent has filed a motion to dismiss, arguing that Plaintiff includes *no* factual

9 allegations as to Resurgent, and Plaintiff's claims are preempted by the Fair Credit Reporting

10 Act, 15 U.S.C. § 1681, *et seq.* (FCRA). (ECF No. 12.) Capital One has also filed a motion to

11 dismiss, arguing that Plaintiff has not alleged facts sufficient to state a colorable claim for relief,

12 Plaintiff's defamation claim is preempted by the FCRA, and his unfair or deceptive business

13 practices claim does not identify any underlying statute and is not pled with particularity.  (ECF

14 No. 15.) Plaintiff has not opposed either motion to dismiss. These motions are also pending

15 before District Judge Jones.

16       On June 28, 2022, Plaintiff filed a motion for leave to conduct discovery limited to the

17 issue of the basis of Defendant's monetary demand (presumably referring to the asserted missed

18 credit card payment). Plaintiff states this discovery is necessary to show the court has personal

19 jurisdiction over the defendant. (ECF No. 49.)

20       Capital One filed a response to this motion, and Resurgent joined in the response. First,

21 Defendants assert that a discovery motion will not be considered under the Local Rules unless

22 the motion includes a declaration setting forth details regarding a meet and confer conference

23 that has taken place to try and resolve the issue *before* the discovery motion is filed. In addition,

a discovery motion must set forth the text of discovery originally sought and any response.

Plaintiff did not follow these rules. Second, Defendants contend that discovery is not yet

authorized because the parties have not yet conducted a Rule 26(f) conference, which Plaintiff is

obligated to schedule under the Local Rules. Once this conference is completed, the parties can

conduct discovery without a court order. Third, Plaintiff has not served any discovery requests.

Plaintiff did email a subpoena addressed to both Capital One and Resurgent to Capital One's

counsel on June 2, 2022, but the date for production was February 3, 2022, four months prior to

the date the subpoena was sent. Defendants request that Plaintiff be sanctioned for his failure to

comply with the rules. (ECF Nos. 56, 57, 57-1 to 57-3, 60.)

On July 11, 2022, Plaintiff filed his first motion to compel discovery. Plaintiff states that

he incurred a charge on a Capital One credit card by "SONGBAYPETERBOROUGHLND."

Plaintiff disputed the charge because the goods and services ordered by Plaintiff were not

delivered. The dispute was accepted by Capital One.

Later, "SONGBAYPETERBOROUGHLND" resubmitted the charge, and Plaintiff was

unable to dispute the resubmitted charge because he could not contact Capital One via telephone

from Belize, where Plaintiff was then residing. Plaintiff seeks an order directing Capital One to

produce to Plaintiff: "the specific MPEG Audio Layer-3 file (although it is unlikely to exist)"

that Plaintiff ordered from "SONGBAYPETERBOROUGHLND." Plaintiff further seeks an

order requiring Defendants' counsel and the head of the State Bar Association and an officer of

the Nevada State Police to attend a hearing on this issue. Plaintiff seeks the use of a room at the

courthouse for these appearances, because he has been otherwise unable to secure the rental of a

suitable room. (ECF No. 54.)

1       On July 15, 2022, Plaintiff filed another motion to compel discovery which appears

2 duplicative of the first motion. (ECF No. 62.)

3                                **II. DISCUSSION**

4 **A. Motion for Leave to Conduct Discovery Limited to the Basis of Defendant's Monetary**

5 **Demand**

6       Defendants are correct that under Local Rule 26-1, Plaintiff must initiate the scheduling

7 of the conference required by Federal Rule of Civil Procedure 26(f), which is to be held within

8 30 days after the first defendant answers or otherwise appears. Then, 14 days after the mandatory

9 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order,

10 which, if approved by the court, becomes the scheduling order required by Federal Rule of Civil

11 Procedure 16(b). According to Defendants, Plaintiff did not initiate the scheduling of the Rule

12 26(f) conference.

13       In turn, the Rule 26(f) conference triggers the timing for initial disclosures. The initial

14 disclosures, which would include a copy or description of documents that the disclosing party

15 has that supports its claims or defenses, must be made at or within 14 days after the Rule 26(f)

16 conference unless a different time is set by stipulation or by the court. Fed. R. Civ. P. 26(a)(C).

17 Defendants are not yet obligated to make initial disclosures since the Rule 26(f) conference has

18 not occurred.

19       Plaintiff asserts that discovery related to the disputed charge is necessary to establish

20 personal jurisdiction. Personal jurisdiction refers to the power of the court to hear and determine

21 a lawsuit involving a defendant by virtue of the defendant's having some contact with the place

22 where the court is located (here, the District of Nevada). The documentation concerning the

23 disputed charge would not appear to aid in determining whether the court has personal

1 | jurisdiction over the Defendants, and Defendants have not raised a personal jurisdiction

2 | argument in their motion to dismiss.

3 | Moreover, as will be discussed further below, the court finds that it appropriate to defer

4 | entering a discovery plan and scheduling order until there is a disposition on Defendants'

5 | pending motions to dismiss.

6 | For these reasons, Plaintiff's motion for leave to conduct discovery is denied. Once there

7 | is a disposition on Defendants' motions to dismiss, the court will assess whether to conduct a

8 | case management conference and/or enter a scheduling order so the parties can conduct

9 | discovery within the parameters of the Federal Rules of Civil Procedure and the Local Rules for

10 | this District. In the interim, the court recommends Plaintiff familiarize himself with the Federal

11 | Rules of Civil Procedure, and in particular Rules 16 and 26 through 37, as well as the Local

12 | Rules for the District of Nevada, which can be found on the court's website. The court denies

13 | Defendants' request to impose sanctions at this time. However, Plaintiff is advised that a failure

14 | to abide by the court's rules and orders could lead to the imposition of sanctions in the future.

15 | **B. Motions to Compel**

16 | First, all motions to compel discovery must set forth in full the text of the discovery

17 | originally sought and any response to it. LR 26-6(b). Plaintiff's motions do not set forth the

18 | discovery served on Defendants, and according to Defendants, this is because Plaintiff has not

19 | served any discovery on Defendants.

20 | Second, Plaintiff did not satisfy the meet and confer requirement. Federal Rule of Civil

21 | Procedure 37 requires a certification of a good faith effort to meet and confer prior to moving for

22 | an order compelling discovery. Fed. R. Civ. P. 37(a)(1). Local Rule 26-6(c) similarly requires a

23 | declaration certifying a good faith effort to meet and confer was made before a discovery motion

1 │ is filed. Under Local Rule IA 1-3(f), meet and confer means "to communicate directly and

2 │ discuss in good faith the issues required under the particular rule or court order." This

3 │ requirement applies to all participants, and "may only be satisfied through direct dialogue and

4 │ discussion in a face-to-face meeting, telephone conference, or video conference." The exchange

5 │ of written, electronic or voicemail communications *does not* satisfy the meet and confer

6 │ requirement.

7 │        Plaintiff did not include the meet and confer certification with his motions; therefore,

8 │ Plaintiff's motions to compel are denied.

9 │        Even if the court were to consider Plaintiff's motions, Defendants would not have

10 │ possession, custody or control of the audio file which Plaintiff purchased or sought to purchase

11 │ from "SONGBAYPETERBOROUGHLND." As such, there would be no basis to compel

12 │ production of the audio file from Defendants.

13 │        Finally, Plaintiff requests the court order defense counsel and head of the State Bar and

14 │ an officer of the State of Nevada Police to attend a hearing, and he seeks use of a room at the

15 │ courthouse for appearances. This request is moot given the court's denial of Plaintiff's motions;

16 │ however, Plaintiff is advised that while a party may request oral argument, the court determines

17 │ whether to consider and decide a motion with or without a hearing. LR 78-1. If the court

18 │ exercises its discretion to hold a hearing, counsel for the parties or the pro se party will attend the

19 │ hearing (either in person or video telephone or videoconference). Plaintiff need not rent a room

20 │ for a hearing as the hearings take place in the courtroom at the court's discretion. Plaintiff is not

21 │ authorized to conduct any sort of hearing himself.

22 │

23 │

## C. Stay of Discovery

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id*. (quotation marks and citation omitted).

Courts within the district of Nevada looked at three factors in determining whether to stay discovery pending resolution of a potentially dispositive motion: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the motion may be successful and the claim(s) will be dismissed. *Id*. (citation omitted).

First, the pending motions to dismiss are potentially dispositive. Second, Plaintiff has not opposed the motions to dismiss; therefore, it appears that the motions can be decided without any additional discovery. Third, the court has taken a "preliminary peek" at the motions and is convinced they may be successful. Plaintiff's allegations against Capital One are sparse, and the complaint is devoid of *any* allegations against Resurgent. Moreover, Plaintiff's claims, or at least some of them, appear to be preempted by the FCRA. While it is possible that Plaintiff could be granted leave to amend, it is reasonable to require the parameters of this pro se complaint to be set before the parties commence discovery.

For these reasons, discovery in this action will be stayed pending District Judge Jones's resolution of Defendants' pending motions to dismiss. Once there is a disposition on those motions, the court will assess how to proceed, including whether to hold a case management conference and/or issue a discovery plan and scheduling order.

**III. CONCLUSION**

Plaintiff's motions (ECF Nos. 49, 54, 62) are **DENIED**. Discovery in this matter is **STAYED** pending District Judge Jones' resolution of Defendants' motions to dismiss. Defendants' request for sanctions is **DENIED** at this time.

**IT IS SO ORDERED**.

Dated: July 25, 2022

_____

Craig S. Denney
United States Magistrate Judge